IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID STEPHENS,<br><br>Defendant. | No. CR09-3037-MWB<br><br>**ORDER** |

_____

The defendant David Stephens is charged, among other things, with violations of laws prohibiting the possession, receipt, and transport of child pornography. The court held a detention hearing on October 2, 2009, and found the plaintiff (the "Government") had failed to prove by a preponderance of the evidence that appropriate conditions of release would fail to guarantee the defendant's appearance as required, or by clear and convincing evidence that appropriate conditions of release would not guarantee the safety of any person and the community. *See* 18 U.S.C. § 3142(e). The court released the defendant on conditions that did not include curfew or electronic monitoring.

The Government now moves to amend the defendant's conditions of release to include the conditions of electronic monitoring and curfew as required by the Adam Walsh Child Protection and Safety Act of 2006 (the "Act"). (Doc. No. 13) The Act amended 18 U.S.C. § 3142 to require electronic monitoring and curfew as conditions of pretrial release for persons charged with these types of crimes. *See* 18 U.S.C. § 3142(c)(1)(B). The amendments create an irrebuttable presumption that such conditions are required in order for a person charged with the specified crimes to be placed on release pending trial.

Several courts, including this court, have held that the mandatory conditions of release created by the Act are unconstitutional. *See, e.g.*, *United States v. Solomon*, CR09-4024-DEO, Doc. No. 33 (N.D. Iowa, Aug. 27, 2009) (O'Brien, J.); *United States v. Merritt*, 2009 WL 764554 (D. Neb., Mar. 20, 2009) (Adam Walsh Act amendments to Bail Reform Act violate the Due Process Clause); *United States v. Smedley*, 611 F. Supp. 2d 971, 976 (2009) ("[T]he Adam Walsh Act's amendments to the Bail Reform Act of 1984 are unconstitutional on their

face.") (citing *Merritt*, at *4); *United States v. Torres*, 566 F. Supp. 2d 591, 596 (W.D. Tex. 2008) (citing *United States v. Solerno*, 481 U.S. 739, 751-52, 107 S. Ct. 2095, 2103-04, 95 L. Ed. 2d 697 (1987)); *United States v. Arzberger*, 592 F. Supp. 2d 590, 600 (S.D.N.Y. 2008); *United States v. Crowell*, 2006 WL 3541736 (W.D.N.Y. Dec. 7, 2006) (Act's amendments to Bail Reform Act violate the excessive bail clause of the Eighth Amendment) (citing, *inter alia*, *Solerno*).

The conditions of electronic monitoring and curfew are not, in and of themselves, unconstitutional. What is unconstitutional is the *mandatory* imposition of those conditions of release without a showing by the Government that a particular defendant is a flight risk or a danger to the community that cannot be alleviated by other appropriate conditions of release. In other words, mandatory imposition of those conditions of release violates a defendant's constitutional rights because no showing is required "that the Act's objectives cannot be achieved with less onerous conditions[.]" *United States v. Kennedy*, 593 F. Supp. 2d 1221, 1227 (W.D. Wash. 2008).

The undersigned concurs in the reasoning of the courts that have examined the Act's amendments to the Bail Reform Act in detail, and found them to be in violation of a defendant's constitutional right to due process and the Eighth Amendment prohibition on excessive bail. In moving to add those conditions to the defendant's bond, the Government relies solely on the Act; the Government has not offered any additional evidence to show the defendant is a flight risk or a danger to the community that would require the addition of electronic monitoring or curfew to his conditions of release, nor has the Government requested a hearing to make such a showing. The motion is, therefore, **denied**.

**IT IS SO ORDERED.**

**DATED** this 27th day of October, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT